**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Alfreda B. Paige, | ) | Case No.: 06-00002-BGC-13 |
| | ) | |
| Debtor. | ) | |

## ORDER

The matters before the Court are a Motion for Continuation of the Automatic Stay and for Expedited Hearing filed on January 2, 2006, by the debtor; and an Opposition to Debtor's Motion to Extend Automatic Stay filed on January 12, 2006, by Wilhemina Properties LLP. After notice, a hearing was held on January 24, 2006. Appearing were: the debtor; her attorney Greg Biddle; Gary Olshan for Wilhemina Properties; and Sims Crawford, the Chapter 13 Trustee.

### I. Findings of Fact

The debtor filed a previous case, Case No. 04-07719-BGC-13 on September 2, 2004. On May 6, 2005, Wilhelmina Properties filed a Motion for Relief from Stay. After notice and a hearing, the Court entered an order on June 8, 2005, that conditionally denied the motion. That order read:

> Based on the arguments of counsel and the pleadings, the motion for relief from stay is conditionally denied. The debtor is allowed to include the post-petition arrearage through May 2005 in this case, and the movant shall file a proof of claim for the arrearage. The debtor is to resume the direct mortgage payments (according to the parties' mortgage contract) beginning with the mortgage payment due for June 2005. In the event of a future default, the movant shall notify the Court and the debtor's attorney in writing and a hearing will be rescheduled by a subsequent notice.

Order, June 8, 2005, Proceeding No. 58.

In accordance with the Court's June 8, 2005, Order, on July 5, 2005, Wilhelmina Properties filed a Motion for Hearing on Default of Order of June 8, 2005, representing to the Court that the debtor failed to make her June 2005 payment. At the hearing on July 26, the parties represented to the Court that the matter was settled. The Court entered the parties' Consent Agreement on Wilhelmina Properties LLP Motion for Relief of Stay on July 29, 2005, conditionally denying the motion for relief from stay. That order read:

In open Court present were Gary Olshan, attorney for Wilhelmina Properties LLP, Greg Biddle, attorney for the Debtor, and Alfreida [sic] Paige, debtor and announced the consent agreement on the Motion for Hearing on Default of Order of June 8, 2005 filed by Wilhelmina Properties LLP as follows:

1) Debtor shall pay to Gary Olshan as attorney for Wilhelmina Properties LLP $572.06 representing $374.60 June 2005 mortgage payment plus $37.46 late charge plus $150.00 attorney's fee on or before August 10, 2005; and

2) Debtor shall pay al [sic] monthly mortgage payments direct to Wilhelmina Properties LLP by the end of each month beginning with the August 2005 payment and if received after the 10th of each month a 10% late charge shall be included with the payment as provided in the mortgage documents.

In the event a default occurs on a) direct monthly mortgage payments; or b) the payment of the June 2005 mortgage payment, Wilhelmina Properties LLP may foreclose on the property commonly known as 2514 34th Ave. N., Birmingham, Alabama.

<u>Consent Agreement on Wilhelmina Properties LLP Motion for Relief of Stay</u>, July 29, 2005, Proceeding No. 64.

Case No. 04-07719-BGC-13 was dismissed on December 14, 2005, on the Chapter 13 Trustee's Motion to Dismiss.

The current case was filed on January 2, 2006. As the above demonstrates, within the year preceding the filing of the current case, the debtor had a prior case which was both pending and dismissed. Pursuant to section 362(c)(3) of the Bankruptcy Code, because of the dates and dispositions of the prior case, the automatic stay that arose in the current case is limited to 30 days unless that time is extended by order of this Court. The debtor filed her <u>Motion for Continuation of the Automatic Stay and for Expedited Hearing</u> pursuant to section 362(c)(3)(B) which allows an interested party to request that the stay be extended beyond the initial 30-day period. The remainder of section 362(c)(3) explains how and under what circumstances such a request may be granted.

Wilhemina Properties LLP filed its <u>Opposition to Debtor's Motion to Extend Automatic Stay</u> filed on January 12, 2006.

The matters were submitted on the debtor's testimony, the pleadings, the Court's records and the records of the Chapter 13 trustee.[1]

The debtor testified that while she receives social security income, she also relies on her husband to make her Chapter 13 plan payments. She testified that during her last case her husband could not work for about three to four months. When he could not work, she could not make her plan payments or her mortgage payments. Her case was dismissed because those payments were not made.

The debtor's husband is a plumber. He has worked for the same company since the 1980s. His company is regularly employed by a separate contractor. The debtor is then employed to perform jobs for that contractor.

In contrast to the situation during the debtor's last case, the debtor's husband's current employment is better than it has been in the past. The debtor testified that her husband has more work now than he has ever had, and that he is frequently out of town on various jobs around Alabama and Georgia and that those jobs should continue.

## II. Conclusions of Law

### A. Section 362(c)(3)

Section 362(c)(3) provides:

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or

---

[1] On cross examination the debtor testified that she had surgery and was taking medication. She admitted that her memory was not, "what it used to be." Her credibility was challenged. Based on her testimony and her demeanor, the Court finds that her testimony was credible and that the Court can rely on the debtor's testimony to find the specific facts discussed below.

3

limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(I) as to all creditors, if--

(I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

(bb) provide adequate protection as ordered by the court; or

(cc) perform the terms of a plan confirmed by the court; or

(III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--

(aa) if a case under chapter 7, with a discharge; or

(bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

(ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor;

4

### B. Subsections of Section 362(c)(3)

Section 362(c)(3) has four operative parts.

#### 1. Subsection 362(c)(3)(A)

One, subsection 362(c)(3)(A) specifically provides that the automatic stay shall terminate on the 30th day after a current case was filed if the debtor in the current case had a prior bankruptcy case pending and dismissed within the previous year.

#### 2. Subsection 362(c)(3)(B)

Two, subsection 362(c)(3)(B) specifically provides that if - **all within the 30-day period**: (1) a party in interest makes a request that the stay be extended; (2) notice of that request is given; and (3) a hearing on the request is held, the court may extend the stay as to any or all creditors, if the moving party establishes certain facts.

#### 3. Subsection 362(c)(3)(C)(i)

Three, subsection 362(c)(3)(C)(i) provides that under certain circumstances, it is presumed that the current case was not filed in good faith as to all creditors and that presumption may be overcome only if the moving party proves by clear and convincing evidence that the case was filed in good faith.

#### 4. Subsection 362(c)(3)(C)(ii)

Four, subsection 362(c)(3)(C)(ii) provides that under certain circumstances, it is presumed that the current case was not filed in good faith as to a specific creditor and that presumption may be overcome only if the moving party proves by clear and convincing evidence that the case was filed in good faith.

### C. Application of the Law to the Facts

Based on the facts, the Court finds that the debtor met her burden under both subsection 362(c)(3)(C)(i) and subsection 362(c)(3)(C)(ii).

The debtor has a substantial ability to pay now where there was none after the prior case was confirmed. Clearly there was an initial ability to pay in the prior case. That case was confirmed. Something went wrong. That is demonstrated by the debtor's failure to make payments in the prior case after confirmation. The debtor explained that after she filed her prior case, her husband was not able to work for three to four months. That of course, does not mean that the debtor would never have the

5

ability to make payments or that the debtor's situation could not change and she would again have the ability to make payments. The debtor testified that her husband has more work now than he has had in the past.

This Court finds that while the debtor may not have had the ability to make past payments, the Court finds, at least for purposes of the pending motion and objection, that the debtor had the ability to make her payments when she filed her new case, and therefore she filed that case in good faith. The debtor has overcome the presumption that she did not. Her circumstances have changed substantially from the point of the dismissal of the prior case.

On the other hand, it appears to the Court that the intended impact of the amendments to section 362 was to restrict bankruptcy protection to a debtor that has had a case pending and dismissed during the year proceeding the filing of the current case. This is particularly true in regard to a subsection 362(c)(3)(C)(ii) creditor where the stay was terminated, conditioned, or limited where the creditor had commenced an action against the debtor in the prior case. In that regard, the Court finds that while the stay should be extended as to the objecting creditor, the stay should be, as it was in the prior case, conditioned.

### III. Conclusions

Based on the above, the Court finds that the stay should be extended to the end of the current case (unless modified later through a separate order) as to all creditors, except Wilhemina Properties LLP. As to Wilhemina Properties LLP, the Court finds that the stay should be extended to the end of the current case with the exception that if the debtor fails to make any mortgage payment according to the parties' contract, beginning with February 2006, relief from the stay will be provided to Wilhemina Properties LLP without further notice or hearing.

### IV. Order

Based on the pleadings and arguments of counsel, it is **ORDERED, ADJUDGED and DECREED** that:

1. The Motion for Continuation of the Automatic Stay and for Expedited Hearing is **GRANTED in part and DENIED in part**. As to all creditors, the stay is extended to the end of the current case (unless modified later through a separate order). As to Wilhemina Properties LLP, the stay is extended to the end of the current case with the exception that if the debtor fails to make any mortgage payment according to the parties' contract, beginning with February 2006, relief from the stay is granted to Wilhemina Properties LLP without further notice or hearing;

6

2. The Opposition to Debtor's Motion to Extend Automatic Stay is **SUSTAINED in part and OVERRULED in part**;

3. This order is a written opinion for purposes of the E-Government Act, Pub. L. No. 107-347.

DONE this the 27th day of January, 2006.

/s/Benjamin Cohen
BENJAMIN COHEN
United States Bankruptcy Judge